STEAGALL, Justice
(concurring in part and dissenting in part).
I concur with the majority as to part I.
I concur with the majority in that portion of part II that affirms the trial court’s judgment as to loan fees; I dissent from that portion remanding the question of retroactive salaries. I agree with the trial court in its holding that it would be inequitable and unjust not to compensate the majority stockholders for their efforts in creating these opportunities for the corporation. I do not believe the trial court was plainly and palpably wrong on this issue.
I dissent as to part III. I agree with the trial court in its holding as to interest due the minority stockholder. I think the only meaningful way to arrive at an equitable decision on interest due is to consider after-tax dollars. I believe the trial court has properly balanced the equities between the parties in this regard.
I dissent as to part IV. I agreed with the majority in Banks v. Bryant, 497 So.2d 460 (Ala.1986), because I felt that the Macon County transaction was a corporate opportunity. As a result of that decision, the majority stockholders have replaced those funds and included the Iowa opportunity; now they are also required to pay interest and attorney fees. To reverse the finding of the trier of fact on this issue goes too far, in my opinion. I simply cannot agree that minority stockholders who have received substantive dividends and have seen the value of their stock increase approximately eighteen thousand per cent in 10 years are being squeezed out. The phenomenal growth of this activity is, in my opinion, due to the expertise and unique skills of the managers and majority stockholders of this corporation. I would not substitute my judgment for that of the trial court on this sensitive, critical factual issue.
I concur in that portion of part V that affirms the decision of the trial court as to the attorney fees for counsel for the majority. I dissent as to that portion that reverses the award of attorney fees for minority counsel. The trial court heard extensive testimony on the question of attorney fees and, in my opinion, its decision is supported by the evidence.
The standard of review in a case in which the evidence has been presented ore tenus is well settled:
“This Court cannot overturn that finding of fact by the lower court unless the decision is unsupported by the evidence, and is plainly and palpably erroneous. Further, the presumption of correctness exists even though there may be conflicting evidence.”
Kershaw v. Knox Kershaw, Inc., 523 So.2d 351, 356 (Ala.1988) (citations omitted). Here, the trial judge heard conflicting evidence on which reasonable minds could differ. The trial court’s findings must, therefore, be “presumed to be a reasonable inference drawn from the evidence.” Id. I believe that the trial court’s decision was supported by the evidence and that it was not plainly and palpably erroneous.
*503 I,therefore, concur in part and respectfully dissent in part.